IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOHN DOE 13, IP Address 175.65.180.16, | ) | Miscellaneous Case No. 6:12-MC-008-C |
| | ) | |
| Movant | ) | |

# ORDER

Came on for consideration John Doe 13's Motion to Quash and Incorporated Memorandum of Law, filed May 30, 2012, by John Doe 13, IP Address 175.65.180.16.

Movant is apparently a defendant in a case filed in the United States District Court for the Middle District of Florida, and is accused by the Plaintiff in the lead case of copyright infringement. Movant is simply identified as John Doe and is associated with his IP address. A subpoena was issued in the Northern District of Texas to a nonparty Internet Service Provider ("ISP"), requesting the identities of the owners of a number of IP addresses, including Movant's.

In the instant motion, Movant moves the Court to quash a subpoena issued to the ISP, which would reveal Movant's identity to the Plaintiff. Generally, a party does not have standing to move to quash a subpoena issued to a nonparty, except perhaps under the limited circumstances that the party has a personal right or privilege with respect to the materials subpoenaed. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

The Florida court has already made a finding of good cause for early discovery. This the Court will not disturb. The Florida court has also found that the subject subpoena does not improperly infringe on Movant's First Amendment right, a finding with which this Court also

agrees. As such, Movant has failed to identify any privileged matter that is the subject of the subpoena. Rather, Movant is likely attempting to thwart Plaintiff's case by hiding behind the IP address. Needless to say, this is not a valid basis for quashing a subpoena.

Therefore, Movant's Motion to Quash is **DENIED**, and this miscellaneous case is **DISMISSED**.

SO ORDERED.

Dated this 6th day of June, 2012.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE